1  ## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2  Name THOMPSON, JAMAL

3      (Last)        (First)        (Initial)

Prisoner Number H-19614

4  Institutional Address CTF/NORTH, PO BOX 705, SOLEDAD, CA

5  93960-0705

6

7  ### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

8  JAMAL THOMPSOM

(Enter the full name of plaintiff in this action.)

9      vs.

10  BEN CURRY, WARDEN

11  CTF/NORTH FACILITY, SOLEDAD

12

13

14  (Enter the full name of respondent(s) or jailor in this action)

15

CV  08  3834

Case No. CV-07-6420 PJH (PR)
(To be provided by the clerk of court)

**PETITION FOR A WRIT
OF HABEAS CORPUS**

E-filing (PR)

16  ### Read Comments Carefully Before Filling In

17  #### When and Where to File

18      You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were **not** convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS      - 1 -

1  Who to Name as Respondent

2       You must name the person in whose actual custody you are.  This usually means the Warden or

3  jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5  respondents.

6       If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11       1.  What sentence are you challenging in this petition?

12            (a)   Name and location of court that imposed sentence (for example; Alameda

13                  County Superior Court, Oakland):

14       LOS ANGELES SUPERIOR COURT     LOS ANGELES COUNTY

15                  Court                          Location

16            (b)   Case number, if known  BH003935

17            (c)   Date and terms of sentence 12-12-91,15 to life,plus 2yrs.

18            (d)   Are you now in custody serving this term?  (Custody means being in jail, on

19                  parole or probation, etc.)            Yes  X      No ____

20                  Where?

21                  Name of Institution: CORRECTIONAL TRAINING FACILITY

22                  Address: PO BOX 705, SOLEDAD, CA 93960-0705

23       2.  For what crime were you given this sentence?  (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  SECOND DEGREE MURDER, PENAL CODE §187, SUBD. 12022.5(a)

27  _____

28  _____

PET. FOR WRIT OF HAB. CORPUS          - 2 -

3. Did you have any of the following?

| | | |
|---|---|---|
| Arraignment: | Yes __X__ | No _____ |
| Preliminary Hearing: | Yes __X__ | No _____ |
| Motion to Suppress: | Yes __X__ | No _____ |

4. How did you plead?

Guilty _____   Not Guilty __X__   Nolo Contendere _____

Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

Jury __X__   Judge alone_____   Judge alone on a transcript _____

6. Did you testify at your trial?                               Yes _____     No _____

7. Did you have an attorney at the following proceedings:

| | | | |
|---|---|---|---|
| (a) | Arraignment | Yes __X__ | No _____ |
| (b) | Preliminary hearing | Yes __X__ | No _____ |
| (c) | Time of plea | Yes __X__ | No _____ |
| (d) | Trial | Yes __X__ | No _____ |
| (e) | Sentencing | Yes __X__ | No _____ |
| (f) | Appeal | Yes __X__ | No _____ |
| (g) | Other post-conviction proceeding | Yes _____ | No __X__ |

8. Did you appeal your conviction?                     Yes __X__     No _____

(a)   If you did, to what court(s) did you appeal?

Court of Appeal                              Yes __X__     No _____

Year: ___1992___   Result: JUDGEMENT AFFIRMED _____

Supreme Court of California          Yes __X__     No _____

Year: ___1996___   Result: DENIED _____

Any other court                              Yes _____     No __X__

Year: _____   Result:_____

(b)   If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS          - 3 -

1    petition?                                              Yes _____    No__X__

2    (c)    Was there an opinion?                    Yes _____    No__X__

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                              Yes _____    No__X__

5           If you did, give the name of the court and the result:

6    _____

7    _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?                Yes __X__    No_____

10          [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16          (a)    If you sought relief in any proceeding other than an appeal, answer the following

17                 questions for each proceeding. Attach extra paper if you need more space.

18          I.     Name of Court: SUPERIOR COURT OF LOS ANGELES COUNTY

19                 Type of Proceeding:PETITION FOR WRIT OF HABEAS CORPUS

20                 Grounds raised (Be brief but specific):
                   THE BOARD'S DISCRETION TO DETERMINE SUITABILITY
21                 a.FOR PAROLE.
                   THE BOARD'S DISCRETION OF DETERMINATION WAS
22                 b.UNSUPPORTED    BY    EVIDENCE    THAT    WOULD    BRING
                   PETITIONER'S CASE WITHIN THE TERMS OF PENAL
23                 c.CODE §3041.

24                 d._____

25                 Result: DENIED                      Date of Result: FEB07

26          II.    Name of Court:COURT OF APPEAL,SECOND APPELLATE
                          DISTRICT, DIVISION FIVE.
27                 Type of Proceeding:PETITION FOR WRIT OF HABEAS CORPUS

28                 Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS                    4 -

a. SAME AS ABOVE IN SECTION I. a-d

b.

c.

d.

Result DENIED                          Date of Result: 17MAY07

III.  Name of Court: SUPREME COURT OF CALIFORNIA

Type of Proceeding: PETITION FOR REVIEW

Grounds raised (Be brief but specific):

a SAME AS ABOVE IN SECTION I. a-d

b.

c.

d.

Result: DENIED                          Date of Result: 08AUG07

IV.  Name of Court: U.S. DISTRICT COURT, NORTHERN
                    DISTRICT OF CALIFORNIA
Type of Proceeding PETITION FOR WRIT OF HABEAS CORPUS

Grounds raised (Be brief but specific):

a. SAME AS ABOVE IN SECTION I. a-d

b.

c.

d.

Result DISMISS W/OUT PREJUDICE  Date of Result: 28FEB08

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

                                        Yes _____   No X

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to

support each claim. For example, what legal right or privilege were you denied? What happened?

Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1   need more space. Answer the same questions for each claim.

2       [Note: You must present ALL your claims in your first federal habeas petition. **Subsequent**

3   petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4   499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5       Claim One: "SEE ATTACHED SHEET"

6       _____

7       Supporting Facts:_____

8       _____

9       _____

10      _____

11      Claim Two: "SEE ATTACHED SHEET"

12      _____

13      Supporting Facts:_____

14      _____

15      _____

16      _____

17      Claim Three: "SEE ATTACHED SHEET"

18      _____

19      Supporting Facts:_____

20      _____

21      _____

22      _____

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  ALL GROUNDS PRESENTED HEREIN HAVE BEEN EXHAUSTED IN CALIFORNIA

26  COURTS

27      _____

28      _____

    PET. FOR WRIT OF HAB. CORPUS        - 6 -

1    "ATTACHED SHEETS"

2    STATEMENT OF FACTS

3    On or about October 27, 2005, Petitioner was denied parole for

4    4 years (next hearing date: 10/09.) by the Board of Prison

5    hearings, for the second consecutive time, based on the

6    commitment offense. The Board of Parole Hearings' (hereafter,

7    BPH)Repeated unsuitability determination based on the

8    circumstances of the commitment offense, violates Petitioner's

9    constitutional rights to due process under state and Federal law.

10   The record distinctly shows that the Petitioner is entitled by

11   statue and regulatory criteria, to a parole release date. In

12   spite of the preceding, the BPH has perpetually denied Petitioner

13   parole without any relevant material evidence to support its'

14   findings. According to statue "some evidence" has to exist in

15   order to substantiate the unsuitability determination. Clearly

16   the BPH has violated the spirits of Penal code §3041's plain

17   expressed language by an inaccurate misapplication of the some

18   evidence standard. The BPH's determination does not comply with

19   due process of law. And a review is necessary to determine

20   whether there exist a factual basis to support the unsuitability

21   determination in the record before the BPH. (In re Rosenkrantz,

22   29 Cal.4th at p.667, 128 Cal Rptr.2d 104, 59 P.3d 174.)

23                              " "

24                              " "

25                              " "

26                              " "

27                              " "

28                              " "

(1)

1           PETITIONER'S CONSTITUTIONAL CLAIMS

2                            I.

3       This Court's review is necessary to determine whether
        the decision of the Board of Parole hearings findings
4       the Petitioner unsuitable for parole constituted an
        abuse of discretion and violation of Federal constitu-
5       tional due process, insofar as the Board is alleged to
        have failed to render the decision consistent with it's
6       burden of the proof, and insofar as the Board applied
        regulations that were not applicable to the Petitioner's
7       offense.

8    The state court, in the Rosenkrantz case, and citing to In re

9  Ramirez, 94 cal. App. 4th 549(2001), pointed out that the Board's

10 practices should not operate so as to swallow the rule that

11 parole os "normally" to be granted. rosenkrantz, 29 cal. 4th 683.

12 Yet theBoard's practices of rarely, if ever, granting a future

13 parole release date at an initial hearing, in fact does "swallow"

14 "the rule" and nullifies the intent of the statue. This is a vio-

15 of the separation of powers doctrine for the Executive branch to

16 invade the Legislative branch and nullify a statue. However,

17 Petitioner does not raise this as a claim here; he does allege

18 that the failure of the Board to grant parole in a proper, non-

19 pro forma manner violates his fundamental rights to due process

20 of law.

21                           II.

22      This Court's review is urgently needed to settle import-
        ant questions about the interpretation of section 3041,
23      Penal Code, by the Board of Parole Hearings that were
        not settled by the Court in the seminal case of In re
24      Rosenkrantz (200) 29 cal. 4th 616.

25   As mentioned above, the statue (section 3041) contains clear

26 and plain language that presumes entitlement to a parole release

27 date "unless" the Board is able to produce evidence that the

28 prisoner remains an unreasonable risk or danger to society.

                            (2)

1  (Penal Code, section 3041(a),(b); 15 CCR Div.2, §2402(a).) Both

2  the federal court in McQuillion v. Duncan, 306 F.3d. 895, 901-903

3  and Biggs v. Terhune, 334 F.3d 910, and in the Rosen krantz case

4  (29 cal. 4th 616), have recognized this presumption. Yet the

5  state court has taken no position that the 99 percent parole

6  denials are inconsistent with the plain language of the statue,

7  except to say that the Board cannot operate in a fashion that

8  allows the rule that parole is normally to be granted to be swal-

9  lowed by the exception. (Rosenkrantz, at 683) The state court has

10 done nothing to correct this overly-restrictive interpretation

11 and application of the statue in the face of acknowledged 99 per-

12 cent denials of parole even though it had the prime opportunity

13 in the Rosenkrantz case to proscribe the overly-restrictive

14 policies and practices of 99 percent denials as contrary to and

15 an unreasonable application of the statue's presumption. this is

16 clearly a violation of Federal and State rights to due process of

17 law, and a 14th and 6th, US Constitutional amendment violation.

18

19                              III.

20  ___    THIS COURT'S REVIEW IS NECESSARY TO SETTLE THE CON-
            AS TO WHETHER THE UNIFORM DETERMINATE SENTENCING ACT
21         OF 1976 HAS ANY APPLICATION OR EFFECT ON PRISONERS
            WHOSE IMPRISONMENT IS PURSUANT TO SUBD.(b) OF SECTION
22         1168, PENAL CODE, AND IF NOT, HAS IT'S APPLICATION VIO-
            LATED FEDERAL FUNDAMENTAL DUE PROCESS AND EQUAL PRO-
23         TECTION RIGHTS IN THE PETITIONER'S CASE.

24   In 1982 case of In re Stanworth, 33 cal.3d 176, the court

25 examined whether the application of "DSL" parole regulation to

26 former "ISL" life prisoners violated ex post facto provisions.

27 Because in some cases an ISL lifer might receive a benefit (In re

28 Estrada (1967) 63 cal.2d 740, 745), the court ruled that the

1  Board must hold two parole hearings for ISL prisoners, one under
2  the former ISL regulations, the other under the "DSL"
3  regulations. In this decision, which formed the basis for
4  subsequent decisions, the court implied that the DSL applied to
5  former section 1168 "straight life" prisoners.

6  However, controlling decisional law provided that parole-
7  setting by mechanical, categorical, tit-for-tat formula of
8  punishment that current post-1977 regulations operate by. (In re
9  Stanley, 54 cal.app.4th 1030, 1037-1040 (1976), ptn reh denied; (
10 In re Minnis, 7 cal.3d 639(1972).) Because the shift in emphasis
11 from rehabilitation to punishment by the enactmantof the
12 provisions of section 1170 of the penal code cannot apply to
13 indeterminately-sentenced prisoners whose release to parole is
14 intrinsically a question of and emphasis on rehabilitation, as
15 per the amendment of section 1168 to subd.(b) thereof the appli-
16 cation of a punishment standard to such prisoners clearly
17 federal standards of due process and equal protections of the
18 14th, 6th, and 5th amendment to the United States Constitution.

19                                     " "
20                                     " "
21                                     " "
22                                     " "
23                                     " "
24                                     " "
25                                     " "
26                                     " "
27                                     " "
28                                     " "

1       List, by name and citation only, any cases that you think are close factually to yours so that they

2 are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3 of these cases:

4 MCQUILLION V. DUNCAN,306 F.3d 895(9th Cir.) MCQUILLION V.

DUNCAN,235 F.Supp.2d 1131(C.D.Cal.2003).In re Dannenberg,

5 S111029. In re RAMIREZ(2001)94Cal.App.4th 549,570;BIGGS V.

6 TERHUNE et al.,9th Cir. No. 02-15881,DJAR 7245.

7 Do you have an attorney for this petition?             Yes_____    No__X__

8 If you do, give the name and address of your attorney:

9 _____

10       WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11 this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13 Executed on _ August 3, 2008 _____       _Samuel Thompson_

14            Date                   Signature of Petitioner

15

16

17

18

19

20 (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS     - 7

**PROOF OF SERVICE BY MAIL**
**BY PERSON IN STATE CUSTODY**
(C.C.P. §§ 1013(A), 2015,5)

I, _____Jamal Thompson_____, declare:

I am over 18 years of age and I am party to this action.  I am a

resident of CORRECTIONAL TRAINING FACILITY prison, in the County

of Monterrey, State of California.  My prison address is:

              Jamal Thompson_____ , CDCR #: H-19614_____
              CORRECTIONAL TRAINING FACILITY
              P.O. BOX 705 . CELL #: LA-321 Upper
              SOLEDAD, CA  93960-0689.

On ____August 3, 2008_____ , I served the attached:

_____First Amended Petition_____

on the parties herein by placing true and correct copies

thereof, enclosed in a sealed envelope (verified by prison

staff), with postage thereon fully paid, in the United States

Mail in a deposit box so provided at the above-named institution

in which I am presently confined.  The envelope was addressed as

follows:

Office Of The Attorney General
    Jerry Brown
455 Golden Gate Ave   Suite 11000
San Francisco, California  94102

Clerk Of The U.S. District Court
Northern District Of California
450 Golden Gate Ave
Post Office Box - 36060
San Francisco, California  94102

     I declare under penalty of perjury under the laws of the

State of California that the foregoing is true and correct.

Executed on _August 3, 2008_____ .

                              _____
                              Jamal Thompson_____
                              Declarant

JAMAL THOMPSON, CDC#H-19614
CTF/NORTH FACILITY LA 321 UPPER
PO BOX 705
SOLEDAD, CA 93960-0705

NO C/
NORTH

CLERK
NORTH
450 G
PO BO
SAN F



RECEIVED

AUG  6 2008

'CHARD W. WIEKING
U.S. DISTRICT COURT
DISTRICT OF CALIFORNIA

PJH

' THE U.S. DISTRICT COURT
I DISTRICT OF CALIFORNIA
)EN GATE AVE.
{6060
ICISCO, CALIFORNIA 94102

