United States District Court
For the Northern District of California

JAMAL THOMPSON,

    Petitioner,

 vs.

BEN CURRY, Warden,

    Respondent.
              /

No. C 08-3834 PJH (PR)

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

   Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

   The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

   In 1991 a Los Angeles County jury convicted petitioner of second-degree murder. He was sentenced to a term in prison of fifteen years to life plus two years. He alleges that he has exhausted these parole claims by way of state habeas petitions.

## DISCUSSION

**A. Standard of Review**

   This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

The petition is directed to a denial of parole on October 27, 2005. As grounds for federal habeas relief, petitioner asserts that: (1) the Board failed to consider his case in a "proper, non-pro forma matter," violating his due process rights; (2) the state courts' failure to act on the Board's alleged misapplication of California law violated his Sixth and Fourteenth Amendment rights; and (3) application of the present "punishment standard" to prisoners sentenced under the former indeterminate-sentencing law violates due process and equal protection.

Petitioner's claims are not sufficiently clear to allow respondent to formulate a response, and he does not state facts that point to a real possibility of constitutional error. For instance, for the first claim he says in the heading that the Board's decision was an abuse of discretion (a state-law claim not cognizable in federal habeas) and a violation of due process in that "the Board is alleged to have failed to render the decision consistent with it[]s burden of proof, and . . . applied regulations that were not applicable to the Petitioner's offense." Below this, rather than giving facts as called for in the form petition, he says that the Board's practice of rarely granting parole negates the statutory requirement that the Board "normally set a parole date," Cal. Penal Code § 3041(a), and that this violates the separation of powers doctrine – but then says that "[p]etitoiner does

1  not raise this as a claim here; he does allege that the failure of the Board to grant parole in
2  a proper, non-pro forma manner violated his fundamental rights to due process of law."
3  The heading does not say how the decision was inconsistent with the burden of proof, or
4  even what he perceives that burden to be.  He also does not say what regulations he has in
5  mind or why they were not applicable to his case.  And the discussion below the heading
6  does not say what he means by the "failure of the Board to grant parole in a proper, non-
7  pro forma manner," or how that might violate any federal right.
8       In the second issue petitioner asserts in the heading that "review" is necessary to
9  settle important questions left undecided in *In re Rosenkrantz*, 29 Cal. 4th 616 (2002).  This
10 sounds like a state law claim.  In the discussion below he says that the state courts have
11 not corrected what he contends is the 99% rate of denials, and that this "is clearly a
12 violation of Federal and State rights to due process of law, and a 14th and 6th, US
13 Constitutional amendment violation."  Again he has not alleged facts, not alleged how this
14 purported failure of the state courts has affected him, and has not explained how what
15 appears to be a state law claim (and one duplicative of the first claim) could violate due
16 process.  There simply is not a due process right to court decisions that are correct under
17 state law; in order to allege facts that would point to a real possibility of constitutional error
18 he must do more than this.
19      In his third issue petitioner says that the court's review is necessary to determine
20 whether the determinate sentencing law ("DSL")has any application to prisoners sentenced
21 under the indeterminate sentencing law ("ISL"), and if not, "has it[]s application violated
22 federal fundamental due process and equal protection rights in the petitioner's case."  In
23 the discussion he refers to a state case which he says implied that parole regulations
24 applicable to prisoners sentenced under the determinate sentencing law could be applied to
25 those sentenced under the indeterminate laws.  The argument is confusing, but it appears
26 he is saying that parole for ISL prisoners is largely a matter of rehabilitation, whereas
27 punishment is the emphasis of the DSL, and that application of "a punishment standard to
28 such prisoners [ISL prisoners] clearly [violates] federal standards of due process and equal

3

protection[] of the 14th, 6th, and 5th amendment to the United States Constitution."

Again, this court is bound by state law as announced by the California courts, including those which ruled on petitioner's cases, *see Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus), and in any case violations of state law are not grounds for federal habeas relief, *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law).  For that reason his request that the court determine whether the DSL regulations should apply to him cannot be entertained; that is solely an issue of state law.  And once again it is unclear why he thinks application of those regulations to him would be a violation of due process or any other provision of the Constitution.  He also does not say why application of the same regulations to DSL and ISL prisoners would violate equal protection, as it appears that both groups are treated the same.

Petitioner's issues discussed above and a "Statement of Facts" are contained in an attachment to the form petition.  In the statement of facts, most of which is argument rather than facts, he says that the parole denial was not supported by "some evidence" and so violated due process.  He does not list a "some evidence" claim in his list of "Petitioner's Constitutional Claims," which are those numbered one through three above.  If petitioner wishes to present a "some evidence" claim, he must clearly indicate that he intends to present it as a ground for relief by listing it with his other claims.

The petition will be dismissed with leave to amend to correct the deficiencies described above.

## CONCLUSION

The petition is **DISMISSED** with leave to amend within thirty days from the date this order is entered (the date the clerk has stamped on the first page).  The amendment should be on the court's form for prisoner section 2254 petitions, with the words "Amended Petition" and the docket number of this case on the first page.  If an amended petition is not

filed by the deadline, the petition will be summarily denied.

**IT IS SO ORDERED.**

Dated: September 8, 2008.

                                  PHYLLIS J. HAMILTON
                                  United States District Judge

G:\PRO-SE\PJH\HC.08\THOMPSON3834.DWLTA.wpd